# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-40510
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Andres Beltran, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1111-3

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Andres Beltran, Jr., appeals the 120-month sentence imposed following his jury trial convictions on one count of conspiring to transport aliens within the United States and three substantive counts of transporting an alien within the United States, all in violation of in violation of 8 U.S.C. § 1324(a)(1). Beltran now challenges the district court's decision to apply a

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

six-level U.S.S.G. § 2L1.1(b)(5)(A) enhancement based on his co-conspirator's discharge of a firearm, as well as a two-level § 2L1.1(b)(6) enhancement and a four-level § 2L1.1(b)(7) enhancement based on his co-conspirators' intentionally or recklessly transporting the illegal aliens in a way that created a substantial risk of—and did result in—death or serious bodily injury. Specifically, he contends that the enhancements were based on acts of his co-conspirators that were not attributable to him as relevant conduct because the acts were neither within the scope of his agreement nor reasonably foreseeable to him. *See* U.S.S.G. § 1B1.3(a)(1)(B).

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). "In determining whether a Guidelines enhancement applies, the district court is allowed to draw reasonable inferences from the facts, and these inferences are fact findings reviewed for clear error." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). There is no clear error if a factual finding is plausible in light of the record as a whole. *Trujillo*, 502 F.3d at 356. "A factual finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Coleman*, 609 F.3d at 708 (internal quotation marks and citation omitted).

According to the presentence report (PSR), Beltran was a member of the Beltran Human Smuggling Operation (HSO), which was a well-organized and extensive group that involved multiple members of the Beltran family. Beltran acted as a scout for the HSO on an ongoing basis between February and June 2020. One of Beltran's co-conspirators, J. Buenaventura Penaloza Beltran (J. Beltran), had a longstanding role as the caretaker of an illegal alien "stash house." J. Beltran reportedly used firearms to threaten the aliens at the stash house on multiple occasions in May and June 2020. Other co-conspirators acted as "load" drivers responsible for driving the illegal aliens

to their destinations. The PSR reflects that members of the HSO would routinely meet at an apartment complex before commencing a smuggling venture and that the load drivers would arrive in pickup trucks at the apartment building. Later, the load drivers used the same trucks to transport illegal aliens, who were driven at high rates of speed unrestrained in the truck beds. One of the pickup trucks driven by Beltran's co-conspirator was involved in a rollover accident resulting in an illegal alien being thrown from the bed of the truck and sustaining a broken leg requiring hospitalization. Because Beltran did not present any evidence to rebut the facts in the PSR, the district court was entitled to rely on those facts to make its sentencing determinations. *See United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002).

By acting as a scout multiple times in an extensive smuggling operation, Beltran served "the objectives embraced by the defendant's agreement," i.e., successfully transporting the illegal aliens to their destinations. U.S.S.G. § 1B1.3, comment. (n. 3(B)). It is plausible, in light of the record as a whole and drawing reasonable inferences from the facts, that the initial harboring of the illegal aliens and the related firearm discharges, as well as the reckless transportation of the illegal aliens and the resulting serious bodily injury, were within the scope of Beltran's jointly undertaken criminal activity with his co-conspirators and, further, that the co-conspirators' pertinent actions were reasonably foreseeable. *See Coleman*, 609 F.3d at 708; *Trujillo*, 502 F.3d at 356. While we have previously declined to determine whether § 2L1.1(b)(7) contains a foreseeability requirement, we pretermit the question because, in this case, it was reasonably foreseeable that an alien would suffer an injury for purposes of § 2L1.1(b)(7). *See United States v. De Jesus-Ojeda*, 515 F.3d 434, 444 (5th Cir. 2008).

No. 23-40510

Accordingly, the district court did not procedurally err by applying the § 2L1.1(b)(5)(A), (b)(6), and (b)(7) enhancements under the relevant conduct principles of § 1B1.3(a)(1)(B). The judgment is AFFIRMED.